IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                               Case No. 10-40014-01 JTM

RITO VASQUEZ-GARCIA,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Rito Vasquez-Garcia's Motion for *James* Hearing (Dkt. 53). After reviewing the parties' arguments, the court is prepared to rule.

**I. Background**

Vasquez-Garcia has been charged with conspiring to sell methamphetamine between January 2006 and June 2009 and seven counts of using cell phones to commit, cause or facilitate the conspiracy. As a result of their investigation, DEA agents executed lawful search warrants at the suspected coconspirators' residences and at suspected stash houses. In their raid, the agents seized approximately $694,000 in U.S. currency, numerous firearms, several vehicles, and approximately ten pounds of methamphetamine. A grand jury indicted thirty defendants in this methamphetamine trafficking conspiracy. Twenty-five of these have entered guilty pleas, one proceeded to trial and was found guilty, and three of the defendants remain fugitives.

**II. Analysis**

Vasquez-Garcia requests a hearing pursuant to *United States v. James*, 590 F.2d 575, 579–80 (5th Cir. 1979) to determine the admissibility of coconspirator statements. The government opposes such a hearing and sets forth a written proffer of statements to determine the admissibility of statements in lieu of a *James* hearing. The government requests that the court rule on the admissibility of the statements by provisionally admitting them subject to the actual testimony at trial.

Although a defendant has no right to a *James* hearing, the Tenth Circuit has expressed a preference for *James* hearings in this situation. *Compare United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987), *with United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1998). "Before making a final ruling on the admissibility of such statements, a district court may proceed in one of two ways: (1) hold a *James* hearing outside the presence of the jury or (2) provisionally admit the evidence but require the Government to connect the statements to the conspiracy during trial." *United States v. Cornelio-Legarda*, 381 Fed. App'x 835, 845 (10th Cir. 2010). In making a provisional ruling as to whether a conspiracy exists, the court may consider the government's proffered statement, along with any other independent evidence. *United States v. Pricebrooks*, No. 10-20076-03-KHV, 2010 WL 5104837, at *1 (D. Kan. Dec. 2, 2010).

Coconspirator statements may be admitted if: "(1) a conspiracy existed; (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy." *United States v. Campbell*, Nos. 07-10142-01 to 20, 2009 WL 464570, at

*1 (D. Kan. Feb. 20, 2009) (citing *United States v. Ramirez*, 479 F.3d 1229, 1248, n.11 (10th Cir. 2007)). The party offering the evidence must prove these facts by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987). "[A] court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted. *Id.* at 181. The court has discretion to consider any non-privileged evidence, including both the challenged coconspirator statements and any hearsay evidence, regardless of its admissibility at trial when determining whether the government met its burden. *See United States v. Owens*, 70 F.3d 1118, 1124 (10th Cir. 1995).

Vasquez-Garcia does not specify which statements he is challenging. Much of the evidence used in the previous trial against defendant Pascual Vazquez-Villa will be used in this case, as Vazquez-Villa and Vasquez-Garcia engaged in telephone conversations in furtherance of the alleged conspiracy. The government states that the additional trial evidence shall consist primarily of testimony by Adan Molina, the defendant's brother-in-law who has already pleaded guilty to the conspiracy in this matter.

After a careful review of the evidence, the court finds that the government has shown by a preponderance of the evidence that a conspiracy existed that included this defendant and the witnesses the government will call at trial. The government has provided substantial discovery in this case. A *James* hearing would only further duplicate evidence at trial and evidence previously presented to the court. A *James* hearing would also waste judicial resources and those of counsel with little gain.

Additionally, in light of Pascual Vazquez-Villa's conviction and Adan Molina's guilty plea in this conspiracy, it will be easier to conditionally admit the evidence at trial, and the defendant will suffer no prejudice. Therefore, the court will conditionally admit the statements subject to the government connecting them to the conspiracy during trial. Accordingly, the defendant's motion for a *James* hearing is denied.

IT IS THEREFORE ORDERED this 11th day of December, 2013, that Vasquez-Garcia's Motion for *James* Hearing (Dkt. 53) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE