IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,

Plaintiff,

v.                                                    Case No. 10-40014-01 JTM

RITO VASQUEZ-GARCIA,

Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Rito Vasquez-Garcia's Motion to Suppress
(Dkt. 58) and Amended Motion to Suppress (Dkt. 63). After reviewing the parties'
arguments, the court is prepared to rule. The background of this case is available in the
court's order dated December 11, 2013.

Vasquez-Garcia argues that the wiretap of Gary Heath was illegal, and he seeks
suppression of all evidence stemming from that wiretap. Specifically, Vasquez-Garcia
argues that an assistant attorney general applied for the wiretap in this case despite
Kansas's requirement that the attorney general must apply for a wiretap. The court
denies the motion because Vasquez-Garcia fails to show that (1) the wiretap of Gary
Heath was unlawful and (2) he is an "aggrieved party" who may move to suppress the
evidence collected as a result of the wiretap.

*No Evidence of Unlawful Wiretap*

The statutes governing wiretaps in Kansas are found at KAN. STAT. ANN. §§ 22-
2514—2519, and they are patterned after the provisions of Title III of the Omnibus

Crime Control and Safe Streets Act of 1968. *See generally* 18 U.S.C. § 2510−2520; *see also*

*Kansas v. Bruce*, 295 Kan. 1036, 1040, 287 P.3d 919, 921–22 (2012) (stating "Applications

for wiretaps in the Kansas court system are subject to both 18 U.S.C. § 2515 *et seq*. and

Kansas wiretap statutes that largely mirror the federal provisions."). Kansas law

safeguards the privacy of potential subjects of wiretaps by listing the specific state

prosecutors who may seek a court order for interception. *See Bruce*, 295 Kan. at 1040, 287

P.3d at 922. KAN. STAT. ANN. § 22-2515(a) reads in pertinent part:

> The attorney general, district attorney or county attorney may make an application to any judge of competent jurisdiction for an order authorizing the interception of a wire, oral or electronic communication by an investigative or law enforcement officer and agency having responsibility for the investigation of the offense regarding which the application is made . . . .

The Kansas Supreme Court held that this statute requires the attorney general to apply

for a wiretap and does not allow him to delegate this task to an assistant attorney

general. *Bruce*, 295 Kan. at 1044–45, 287 P.3d at 924–25. The Court made clear that this

statute is "a provision intended to play a central role in the statutory scheme," and that

a violation of the statute must result in exclusion of the evidence gained as a result of

the wiretap. *Bruce*, 295 Kan. at 1045–49, 287 P.3d at 925–27.

Relying on *Bruce*, Vasquez-Garcia argues that a wiretap used in this case was

illegal. However, Vasquez-Garcia fails to allege or provide any evidence that an

assistant attorney general applied for the wiretap in this case.

In support of his argument, Vasquez-Garcia alleges that an assistant attorney

general applied for a pen register and caller identification device for Gary Heath's

phone. He alleges that the court granted an application for a wiretap on Gary Heath's phone and that the application relied on information received from the pen register and caller identification device.

These allegations fail to add up to an unlawful wiretap. Kansas law states:

> "An attorney for the government or an investigative or law enforcement officer may make application for an order or an extension of an order under K.S.A. 22-2527 authorizing or approving the installation and use of a pen register or a trap and trace device under K.S.A. 22-2525 through 22-2529 to a court of competent jurisdiction. Such application shall be in writing and shall be under oath or equivalent affirmation."

KAN. STAT. ANN. § 22-2526(1). The definition of "an attorney for the government" includes an assistant attorney general. KAN. STAT. ANN. § 22-2529(4). As a result, Kansas law authorizes an assistant attorney general to apply for a pen register device, as was done in this case.

Finding nothing illegal about the application for the pen register device, the court has no other evidence to review on this issue. Vasquez-Garcia does not provide the wiretap application for the court's review, nor does he allege that an improper official signed it. As a result, the court has no evidence that would indicate a fatal flaw in the wiretap application. The court denies the motion to suppress.

*Vasquez-Garcia Is Not an Aggrieved Party under Kansas Law*

Regardless of the lack of evidence of any impropriety in the wiretap application, the court finds that Vasquez-Garcia does not have standing to challenge the wiretap in question. Kansas law defines who may move to suppress evidence obtained as a result of an illegal wiretap:

> Any *aggrieved person* in any trial, hearing or proceeding in or before any court, department, officer, agency, regulatory body or other authority of the United States, this state, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom , on the grounds that:
>
> (i) The communication was unlawfully intercepted;
>
> (ii) the order of authorization under which it was intercepted is insufficient on its face; or
>
> (iii) the interception was not made in conformity with the order of authorization.

KAN. STAT. ANN. § 22-2516(9)(a)(i)–(iii) (emphasis added). Kansas law defines an "aggrieved person" as "a person who was a party to any intercepted wire, oral or electronic communication or a person against whom the interception was directed." KAN. STAT. ANN. § 22-2514(7).

Here, Vasquez-Garcia challenges the wiretap of Gary Heath's phone rather than his own. He does not allege or provide any evidence that he was a party to any of the communications intercepted as a result of the wiretaps or a person against whom the interception was directed. As a result, Vasquez-Garcia is not an "aggrieved person" pursuant to Kansas law and does not have standing to "move to suppress the contents of the intercepted communications or evidence derived therefrom." *See* Kan. Stat. Ann. § 22-2514(7); § 22-2516(9)(a).

IT IS THEREFORE ORDERED this 25th day of February, 2014, that Vasquez-Garcia's Amended Motion to Suppress (Dkt. 63) is denied for the reasons stated above. The court also denies Vasquez-Garcia's Motion to Suppress (Dkt. 58) as moot, considering it to have been superseded by his amended motion.

s/J. Thomas Marten
J. THOMAS MARTEN, JUDGE