IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                              Case No. 10-40014-01 JTM

RITO VASQUEZ-GARCIA,

        Defendant.

MEMORANDUM AND ORDER

The court has before it defendant Rito Vasquez-Garcia's Motion for Transcripts (Dkt. 87). Vasquez-Garcia is one of thirty defendants indicted by a grand jury in a methamphetamine trafficking conspiracy. Twenty-five of these have entered guilty pleas, one proceeded to trial and was found guilty, and three of the defendants remain fugitives. In his motion, Vasquez-Garcia requests a transcript of each plea and sentencing hearing in each of his co-defendants' cases and the jury trial transcript from *United States v. Adan Molina*, 09-CR-40041. He asks that these transcripts be provided at the government's expense. The United States opposes the motion.

"An indigent defendant may not be deprived of the tools necessary to prepare a defense. Such a defendant has a constitutional right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding." *Matthews v. Price*, 83 F.3d 328, 334 (10th Cir. 1996); *see* 18 U.S.C. § 3006A(e)(1). The U.S. Supreme Court has identified two factors relevant to determining whether an indigent defendant has a right to a free transcript: (1) the value

of the transcript in connection with the appeal or trial for which it is sought, and (2) the availability of alternative devices that would fulfill the same functions as a transcript. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971).

Vasquez-Garcia filed a financial affidavit with the court showing his indigence on January 10, 2014. Dkt. 71. He argues that if and when his co-defendants testify against him at trial these transcripts will be important for preparation and impeachment purposes. He argues that no alternative devices are available because it is unfair to require trial counsel to have a perfect memory or notes from proceedings that happened up to four years ago.

The government argues that the discovery sought is not reasonably necessary for Vasquez-Garcia to present an effective defense at his trial. In support of its argument, the government states that it has already disclosed to Vasquez-Garcia the plea agreements and presentence reports of the co-defendants and the transcript of the trial and sentencing hearing of Vazquez-Villa.

The court agrees with the government. Although Vasquez-Garcia might find these transcripts valuable to his defense, the additional marginal utility of the transcripts is greatly reduced by the availability of the discovery already provided by the government. The plea agreements and presentence reports of Vasquez-Garcia's codefendants provide the useful information he seeks, and they do so in what is likely a more succinct and useful format. Additionally, a transcript of the Vazquez-Villa trial contains all the information the defendant seeks to glean from the trial transcript in the Molina case.

The government has already provided the defendant with alternative devices that would fulfill the same functions as the transcripts he now seeks. *See Britt,* 404 U.S. at 227. Accordingly, the court denies the motion for additional transcripts.

IT IS THEREFORE ORDERED this 25th day of June, 2014, that Vasquez-Garcia's Motion for Transcripts (Dkt. 87) is denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, CHIEF JUDGE