IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 10-40014-JTM

RITO VASQUEZ-GARCIA,

        Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant Rito Vasquez-Garcia's Motion for Violation of the Defendant's Constitutional Rights (Dkt. 96) and Motion to Dismiss (Dkt. 97), both of which were filed pro se on August 11, 2014. Having reviewed the parties' briefs, the court is prepared to rule.

**I. Factual Background**

Rito Vasquez-Garcia was indicted on February 10, 2010. *See* Dkt. 1. The arrest warrant was executed and returned with the court in Arizona. Dkt. 6. The court appointed James R. Campbell to represent Vasquez-Garcia on August 14, 2012. Dkt. 13. On May 29, 2013, a grand jury returned a Superseding Indictment in this case. Dkt. 42.

Vasquez-Garcia has filed several motions through counsel in this case, including two motions for *James* hearing, the first on April 8, 2013, and the second on November 11, 2013, and a motion to suppress on December 30, 2013, all of which were denied by the court.

In the meantime, Vasquez-Garcia has had several attorneys in this case. His appointed counsel withdrew on July 1, 2013, because Vasquez-Garcia had hired private counsel, Charles A. O'Hara. *See* Dkts. 49, 50. O'Hara entered his appearance on June 13, 2013. Dkt. 43. O'Hara, withdrew on December 31, 2013, because Vasquez-Garcia seemed to be obtaining legal advice from outside sources and had requested O'Hara to pursue what O'Hara believed were frivolous claims. Dkt. 62. Vasquez-Garcia's next attorney, James L. Spies, filed a motion to withdraw on January 16, 2014, because of a conflict of interest. Dkt. 77. The court granted this motion on January 21, 2014. Dkt. 79. The court appointed Gregory C. Robinson, present counsel, on January 17, 2014. Dkt. 78.

On January 15, 2014, the court granted the government's request for a continuance of trial, setting the new trial date for August 5, 2014. *See* Dkt. 76. In its order, the court gave several reasons for granting the government's motion to continue. For example, in light of Spies's pending withdrawal, Vasquez-Garcia would need to hire new defense counsel. Further, his new counsel would need time for effective preparation. Finding the continuance would not prejudice the parties in any way, and because the extra time outweighed the interests of the public and defendant in a speedy trial, the court granted the continuance.

On February 24, 2014, after Robinson had an opportunity to receive discovery from past counsel and confer with government counsel, the court held a status conference. Trial was continued to September 2, 2014. On July 21, 2014, defense counsel

filed a motion to continue the trial. Dkt. 91. The court granted the motion and set the trial for January 27, 2015.

## II. Analysis

The court first determines whether it must address Vasquez-Garcia's pro se motions. A party may conduct their case personally or by counsel. 28 U.S.C. § 1654. These rights are alternatives, and the court is not required to consider the pro se motions of parties who are represented by counsel. *See, e.g., Pagliaccetti v. Kerestes* 948 F. Supp. 2d 452 (E.D. Pa. 2013) (stating "there is no constitutional right to hybrid representation, and a district court is not obligated to consider pro se motions by represented litigants").

Vasquez-Garcia is represented by counsel, so the court need not consider his pro se motions. Accordingly, the court dismisses both motions without addressing the substance of either.

As an aside, the court notes that Vasquez-Garcia's motions were meritless. In both motions, Vasquez-Garcia argued that his right to a speedy trial has been violated by the multiple continuances granted by the court. Vasquez-Garcia cites 18 U.S.C. § 3161(c)(1), which states:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

However, the statute sets forth periods of delay that shall be excluded when computing the time within which trial must commence:

3

> "Delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . [and] [a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

18 U.S.C. § 3161(h)(1)(D), (h)(7).

The court's recent continuance, to which Vasquez-Garcia now objects, made clear that the ends of justice served by the continuance outweighed the best interests of the public and the defendant in a speedy trial. Dkt. 94. Specifically, the court noted that "Defendant acknowledged that any delay caused by this continuance shall be excluded from speedy trial calculations for purposes of 18 U.S.C. § 3161(h) . . . ." *Id.* Accordingly, the period of delay created by the court's recent continuance is excluded from the speedy trial timeline.

In analyzing an alleged speedy trial violation, the court would consider the length and reason for delay, the defendant's assertion of his right, and any prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972). The earlier circumstances of the case show that additional time was needed, as defense counsel changed numerous times. Although the length of time of delay might appear concerning, many of the continuances have been at Vasquez-Garcia's request, and denying the continuances would have cut short his counsel's time to prepare. For example, the last and most recent continuance was granted at the request of defense counsel, because of the vast volume of

discovery materials[1] and the effect of a language barrier that made working through the information difficult. Dkt. 91.

Vasquez-Garcia's motions would fail because the continuances have been appropriate given the circumstances of the case and were in his best interests. Vasquez-Garcia has not alleged any prejudice. None of the delays hindered the administration of justice or resulted in unfair prejudice.

IT IS THEREFORE ORDERED this 29th day of August, 2014, that the defendant's Motion for Violation of the Defendant's Constitutional Rights (Dkt. 96) and Motion to Dismiss (Dkt. 97) are dismissed as inappropriately filed.

s/J. Thomas Marten<br>
J. THOMAS MARTEN, CHIEF JUDGE

---

[1] Indeed, defense counsel noted that discovery contains 31,399 items totaling 137.19 gigabytes of data, including investigative reports, surveillance video, intercepted phone calls and transcripts.