IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 10-40014-JTM

RITO VASQUEZ-GARCIA,

        Defendant.

**MEMORANDUM AND ORDER**

Before the court is defendant Rito Vasquez-Garcia's Motion to Reconsider (Dkt. 187). Defendant seeks reconsideration of the court's in limine ruling denying his motion to suppress intercepted cell-phone conversations (Dkt. 123). The parties are well-acquainted with the background of this case. The court therefore foregoes a dissertation thereof.

**I. Legal Standard**

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's

position, or the controlling law." *Id.* However, "[a] motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier."[1] *Christy*, 739 F.3d at 539 (quotation and citation omitted).

## II. Analysis

Defendant argues that the court failed to consider his argument that 18 U.S.C. § 2518(8)(b) requires suppression of the wiretaps and thereby committed clear error or created manifest injustice. Defendant argued in his motion to suppress – and now points out in a footnote – that § 2518(8)(b), although applicable to wiretap applications and orders, has been construed in an Eleventh Circuit opinion to apply to other related wiretap documents.

The court fully addressed the law and facts regarding this argument. *See* Dkt. 183, at 10-11. The plain language of the statute itself and all controlling law are clear that § 2518(8)(a) applies to the wiretap recordings and extensions thereof, while § 2518(8)(b) applies to wiretap applications and orders. The court fully considered both subsections of § 2518(8) in the context of the facts of this case and defendant's arguments.

IT IS ACCORDINGLY ORDERED this 6th day of February, 2015, that defendant's Motion (Dkt. 187) is DENIED.

    s/ J. Thomas Marten
    J. THOMAS MARTEN, JUDGE

---

[1] The Court in *Christy* held that the district court acted within its discretion to grant a motion to reconsider where it mistakenly overlooked an issue that had been properly raised and argued by the parties.