IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                      Case No. 5:10-cr-40014-JTM-1

RITO VASQUEZ-GARCIA,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant's "Motion to Set Aside a Declaration of Forfeiture Pursuant to 18 U.S.C. § 983." Dkt. 211. For the reasons set forth herein, the court finds that the motion should be denied.

According to the record, on June 17, 2009, agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) seized four firearms and various ammunition from defendant's (then) residence, 1204 Holland in Great Bend, Kansas. Dkt. 211-1. Administrative forfeiture proceedings were begun based on an allegation that the property was used or acquired in violation of 18 U.S.C. § 924(d). *Id*. On June 29, 2009, defendant was notified of his right to contest the forfeiture in court by filing a claim within 35 days or by filing a petition for remission of forfeiture within 30 days. *Id*. Defendant does not allege that he timely filed either of these items. (The record indicates that defendant filed a petition for remission of forfeiture on or about August

24, 2015, which was denied by ATF on the grounds that the property had already been forfeited. Dkts. 211-2, 211-3.)

Defendant was indicted in the instant criminal case on February 10, 2010. Dkt. 1. He was arrested in Texas in 2012 and was returned to this district. Eventually, after several years' worth of machinations and a multitude of motions and other procedural matters, the Government moved on March 18, 2015, to dismiss the indictment without prejudice. Dkt. 207. The court granted the motion, and the case was closed on March 18, 2015. Dkt. 209.

On December 2, 2015, defendant filed his motion to set aside the administrative forfeiture, alleging he was an innocent owner of the property. Dkt. 211. In response, the Government asserted that the motion was untimely. Dkt. 215. Defendant's reply does not challenge the timeline asserted by the Government, but again argues that defendant is an innocent owner of the property. Dkt. 217 at 2. Defendant additionally alleges that he does not speak English and that he was not capable of raising objections to the seizure. *Id*. at 2-3.

Section 983(e)(5) of Title 18 provides that a motion under § 983(e) "shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." When a party claims it did not know of a seizure in time to file a claim, or that the Government should have taken greater steps to notify it, the party may file a motion to that effect, but such a motion "may be filed not later than 5 years after the date of final publication of notice of seizure of the property." § 983(e)(3).

Defendant does not dispute that his motion was filed more than 5 years after the Government's final publication of notice of the seizure, and the record clearly shows that to be the case. Even assuming the law allows for equitable tolling of this time limit in some circumstances, defendant does not allege facts showing that he diligently pursued a claim or that extraordinary circumstances prevented him from submitting a timely filing. *See e.g., Cobar v. Drug Enforcement Admin.*, 2014 WL 1303110, *9 (S.D. N.Y., Mar. 31, 2014). Under the circumstances, the statute precludes defendant's motion for relief.

**IT IS THEREFORE ORDERED** this 15th day of March, 2016, that defendant's Motion to Set Aside Forfeiture (Dkt. 211) is DENIED.

        ___s/ J. Thomas Marten_____
        J. THOMAS MARTEN, JUDGE